Pfeifer, J.,
concurring in part and dissenting in part.
*461 {¶ 80} I concur in the portion of the majority opinion that concludes that the Public Utilities Commission (“PUCO”) erred when it allowed Ohio Power to collect the equivalent of transition revenues.
{¶ 81} But I dissent from the portion of the majority opinion that allows the recapture of a discount offered to marketers from retail customers. Pursuant to the PUCO order before us, Ohio Power is allowed to sell capacity to marketers at a rate that is less than its retail customers pay. That does not, by itself, offend any sense of justice or fair play. But requiring the retail customers, who already pay full cost, to make up the difference between the rate Ohio Power charges the marketers and the rate it charges the public does. We are not talking about a small number. The discount that Ohio Power has offered to marketers, some of whom might be its own subsidiaries, amounts over a period of years to close to $650 million. No statutory authority enabled the PUCO to allow Ohio Power to recoup from its retail customers the discount it grants to marketers. The PUCO justifies the recapture of the discount by saying that it promotes stable electric service prices. Perhaps that is true, but it also results in artificially high retail utility costs.
{¶ 82} The PUCO has determined that Ohio Power’s cost of providing capacity is $188.88 per megawatt-day. In re Comm. Rev. of Capacity Charges of Ohio Power Co., Pub. Util. Comm. No. 10-2929-EL-UNC, at 33 (July 2, 2012). In its brief, the Office of the Ohio Consumers’ Counsel stated that the current standard-service-offer rate charged to retail customers includes a capacity charge of approximately $355.72 per megawatt-day. If true, this outrageous overcharge to Ohio Power’s own nonshopping retail customers is unwarranted and outside the purview of the rate-setting mechanism. R.C. 4928.144, which ostensibly justifies the PUCO’s action, allows rates to be phased in; it does not allow the recapture of a discount offered to marketers from retail customers. In essence, the PUCO is requiring retail customers, who in the main do not shop for service, to subsidize customers who do shop. The authority to do this is not found in 2008 Am.Sub. S.B. No. 221 or anywhere else in the Revised Code.
{¶ 83} In the past, Ohio Power’s capacity charges have been based on rates established by auctions held by PJM Interconnection, L.L.C. See Pub. Util. Comm. No. 10-2929-EL-UNC at 14. I would send this case back to the PUCO with instructions for it to determine the appropriate market price for capacity generation and to limit the rates it allows Ohio Power to charge to that market price.
{¶ 84} The outcome of this case appears to provide another extra-legal gift from the PUCO to the management and shareholders of AEP, the owner of Ohio Power, this time, a gift of roughly $500 million from the retail stability charge. For other examples, see In re Application of Ohio Power Co., 144 Ohio St.3d 1, *462 2015-Ohio-2056, 40 N.E.3d 1060, ¶ 48 (Pfeifer, J., dissenting) (Ohio Power received an unwarranted $130 million); In re Application of Columbus S. Power Co., 138 Ohio St.3d 448, 2014-Ohio-462, 8 N.E.3d 863, ¶ 56 (Pfeifer, J., dissenting) (AEP allowed to retain $368 million of charges that were unjustified).
Bruce J. Weston, Consumers’ Counsel, and Maureen R. Grady, Terry L. Etter, and Joseph P. Serio, Assistant Consumers’ Counsel, for appellant and cross-appellee Ohio Consumers’ Counsel.
Boehm, Kurtz & Lowry, Michael Kurtz, David Boehm, and Jody Kyler Cohn, for appellant and cross-appellee Ohio Energy Group.
Taft, Stettinius & Hollister, L.L.P., Mark S. Yurick, and Zachary D. Kravitz, for appellant Kroger Company.
Michael DeWine, Attorney General, and William L. Wright, Werner L. Mar-gard III, and Steven L. Beeler, Assistant Attorneys General, for appellee and cross-appellee, Public Utilities Commission of Ohio.
Matthew J. Satterwhite and Steven T. Nourse; Porter, Wright, Morris & Arthur, L.L.P., Kathleen M. Trafford, James B. Hadden, Daniel R. Conway, and L. Bradfield Hughes; and MoloLamken, L.L.P., Jeffrey A. Lamken, and Martin V. Totaro, for appellee and cross-appellant, Ohio Power Company.
{¶ 85} Based on the foregoing, I concur in part and dissent in part.
O’Neill, J., concurs in the foregoing opinion.